IN THE CIRCUIT COURT OF THE 20th
JUDICIAL CIRCUIT IN AND FOR
LEE COUNTY, FLORIDA

DIANE M. DEACON, *INDIVIDUALLY AND AS TRUSTEE OF* THE DIANE M. DEACON REVOCABLE TRUST,

CASE NO.:

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT & DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DIANE M. DEACON, *INDIVIDUALLY AND AS TRUSTEE OF* THE DIANE M. DEACON REVOCABLE TRUST, through the undersigned counsel, and hereby files this Complaint against Defendant, FEDERAL INSURANCE COMPANY, and as grounds therefore states as follows:

1. This is an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court.

2. At all times material hereto, Defendant was an insurance company authorized to do business in the State of Florida and doing business in Lee County, Florida.

3. At all times material hereto, the damaged property is located in Lee County, Florida.

4. Prior to the direct physical damage sustained during the policy period, Plaintiff sought and purchased homeowner's insurance from Defendant to cover the property located at 13881 Williston Way, Naples, FL 34119 (hereinafter "Insured Property"). Said policy of

insurance, which is believed to be policy number 001505080401, was issued by Defendant to Plaintiff to provide property insurance coverage for the Insured Property.

5. At all times material hereto, Plaintiff and Defendant had a policy of insurance, Policy No. 001505080401 (hereinafter "Contract"). Plaintiff is not in possession of a complete certified copy of the Contract. The Contract is well known to and in the possession of Defendant, and Plaintiffs have requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint. *See Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981).

6. Plaintiff has paid the premiums for the Contract prior to the direct physical damage sustained during the policy period.

7. During the policy period, the Insured Property sustained direct physical damage as a result of Hurricane Ian.

8. The Contract described in Paragraph 5 above was in full force and effect during the policy period in which the direct physical damage occurred.

9. Defendant received timely notice of the loss.

10. Defendant assigned the loss reported by Plaintiff and described in paragraph 7 above a claim number believed to be 076922034070.

11. Defendant and its agents requested and were given access and the opportunity to inspect the Insured Property and the reported damage arising from the loss described in paragraph 7 above.

12. This is an action relating to Defendant's breach of Contract for its failure to properly pay the full amount of insurance proceeds owed to Plaintiff.

13. Plaintiff has complied with section 627.70152, Florida Statute.

14. Jurisdiction and venue of this matter are proper in the Circuit Court for Lee County, Florida.

## COUNT I – BREACH OF CONTRACT

15. Plaintiff realleges and reincorporates paragraphs 1-14 as if fully stated herein, and further alleges as follows:

16. During the above Contract period the Insured Property sustained direct physical damages.

17. Plaintiff provided timely notice of the loss, described in paragraph 7, above to the Defendant.

18. Plaintiff has complied with all obligations and conditions precedent to this lawsuit and which would entitle Plaintiff to recover benefits under the Contract, or such conditions have been waived.

19. Defendant has failed to provide complete coverage for the physical damages that occurred during the Contract period.

20. This failure is contrary to the terms of the Contract and constitutes a breach of the Contract.

21. Plaintiff has been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of the Defendant refusing to pay the full amount owed under the Contract.

22. As a direct and proximate result of Defendant's breach of Contract, Plaintiff has been required to retain the services of the undersigned attorneys to represent and protect the interests of Plaintiff and Plaintiff has become obligated to pay them a reasonable fee for their services in bringing this action.

23. In the event that Plaintiff prevails in this action, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to section 627.70152, 627.428, 626.9373 and 57.041, Florida Statutes and/or other Florida Law.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, including but not limited to damages owed under the Contract, attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff further demand a trial by jury of all issues so triable as a matter of right.

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a certified copy of the foregoing has been served on Defendant.

**KANNER & PINTALUGA, P.A.**
Attorneys for Plaintiff
1625 Hendry Street, 4th Floor
Fort. Myers, FL 33901
Phone: (561) 424-0032
Fax:    (866) 641-4690
**Court Phone Number: (1-888) 824-7834**
Email: rpowers@kpattorney.com
          qgoodley@kpattorney.com
                  FirstPartyEService@kpattorney.com

By:  /s/ Raymond D. Powers, Jr .
        RAYMOND D. POWERS, JR, ESQ.
        Florida Bar No.: 1011732

Page **5** of **6**

Page **6** of **6**